**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **HENRY D. CHAPMAN** ) | |
| and ) | |
| **JANET MULDROW** ) | |
| ) | **Civil Action No.** |
| **Plaintiffs,** ) | |
| **vs.** ) | |
| ) | |
| **COMMERCIAL RECOVERY** ) | |
| **SYSTEMS, INC.** ) | |
| ) | |
| **Defendant.** ) | |

**COMPLAINT**
**UNLAWFUL DEBT COLLECTION PRACTICES**

## I.  INTRODUCTION

1.      This is an action for damages brought by individual consumers for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereafter the "FDCPA"), and the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.1 *et seq*. (hereafter the "FCEUA"), constituting unfair and deceptive acts and practices under the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1, *et seq*. (hereafter the "UTPCPL"). These laws prohibit debt collectors from engaging in abusive, deceptive, and unfair collection practices.

## II.  JURISDICTION AND VENUE

2.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

3.      Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

## III.  PARTIES

4.      Plaintiff Henry D. Chapman (hereafter "Plaintiff Chapman") is an adult individual who resides at 532 Gerritt Street, Philadelphia, PA 19147.

5.      Plaintiff Janet Muldrow (hereafter "Plaintiff Muldrow") is an adult individual residing at 7516 Woodside Lane, Apartment 31, Alexander, VA 22079.

6.      Defendant Commercial Recovery Systems, Inc. is a business entity regularly engaged in the business of collecting debts in this Commonwealth with its principal place of business located at 8035 East R.L. Thornton, Suite 220, Dallas, TX 75357-0909.  The principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

## IV.  FACTUAL ALLEGATIONS

7.      At all pertinent times hereto, Defendant was hired by Mitsubishi and Chevy Chase Consumer Finance to collect a debt relating to auto loans that were allegedly originally owed, by Plaintiff Chapman and Plaintiff Muldrow, respectively, to Mitsubishi and Chevy Chase Consumer Finance (hereafter the "debts").

8.      The alleged debts at issue arose out of a transaction which was primarily for personal, family or household purposes.

9.      At all times pertinent, Plaintiff Muldrow was a member of the armed services.

10.     In May of 2005, Defendant contacted Plaintiff Muldrow at her place of employment in an attempt to coerce payment of the debt. During several conversations, Defendant threatened to garnish Plaintiff's wages. Additionally, Defendant stated that he spoke with Plaintiff's commanding officer, in order to file papers which would have Plaintiff Muldrow demoted in rank. Additionally, during each conversation, Plaintiff Muldrow informed Defendant that Defendant was not to call her at her place of employment, as such calls were inconvenient to

2

her and that her employer did not permit such calls at her place of employment.

11.      In the late summer of 2005, Defendant contacted Plaintiff Chapman at his place of employment in an attempt to coerce payment of the debt. During the conversation, Plaintiff Chapman informed Defendant that Defendant was not to call him at his place of employment, as such calls were inconvenient to him and that his employer did not permit such calls at his place of employment.

12.      Notwithstanding the above, on or about October 3, 2005, a representative, employee and/or agent from Defendant identifying himself as "Robert Morano" contacted Plaintiff Muldrow at her place of employment in an attempt to coerce payment of the debt, with the intent to annoy, harass, and abuse such persons contacted. During the conversation, Mr. Morano stated, without explanation, that he had contacted the "Provost Marshal," who told Mr. Morano to speak with Plaintiff Muldrow's commanding officer.

13.      Notwithstanding the above, on or about October 3, 2005, Defendant contacted Plaintiff Chapman at his place of employment in an attempt to coerce payment of the debt, with the intent to annoy, harass, and abuse such persons contacted.

14.      Notwithstanding the above, on or about October 18, 2005, Defendant contacted Plaintiff Chapman's mother, Shirley Chapman (hereafter "Mrs. Chapman"), at Mrs. Chapman's place of residence in an attempt to coerce Plaintiff Chapman's payment of the debt, with the intent to annoy, harass, and abuse such persons contacted. During the conversation with Mrs. Chapman, Defendant disclosed Plaintiff Chapman's debt. Additionally, Defendant attempted to convince Mrs. Chapman to pay Plaintiff Chapman's alleged debt.

15.      Notwithstanding the above, on or about October 20, 2005, Defendant contacted Plaintiff Muldrow at her place of employment in an attempt to coerce payment of the debt, with

3

the intent to annoy, harass, and abuse such persons contacted. During the conversation, Defendant threatened to send the U.S. Marshall to Plaintiff Muldrow's place of employment because her commanding officer was withholding information from Defendant.

16.    Notwithstanding the above, on or about October 20, 2005, Defendant wrote and faxed to Plaintiff Muldrow's employer an employment verification request (hereafter "Employment Verification") for Plaintiff Muldrow, in an attempt to coerce payment of the debt, with the intent to annoy, harass, and abuse such persons contacted. (A true and correct copy of the Employment Verification is attached hereto as Exhibit "A" and is incorporated herein).

17.    Notwithstanding the above, on or about October 24, 2005, Defendant contacted Plaintiff Muldrow at her place of employment, in an attempt to coerce payment of the debt, with the intent to annoy, harass, and abuse such persons contacted. During the conversation, Defendant again threatened to send the U.S. Marshall to Plaintiff Muldrow's place of employment because her commanding officer was withholding information from Defendant.

18.    Notwithstanding the above, on or about November 15, 2005, Defendant contacted Plaintiff Muldrow at her place of employment, in an attempt to coerce payment of the debt, with the intent to annoy, harass, and abuse such persons contacted. At the time, Plaintiff Muldrow was in school for training. During a message on Plaintiff Muldrow's voicemail, Defendant stated that it knew Plaintiff Muldrow was in school, because it had spoken to her commanding officer, and that Defendant needed Plaintiff Muldrow to return its call as soon as possible.

19.    To date, Defendant has not garnished the wages of Plaintiff Muldrow.

20.    The Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take for the purpose of coercing Plaintiff Muldrow to pay the debt.

4

21.     The Defendant acted in a false, deceptive, misleading and unfair manner by continuing to communicate with the Plaintiffs at their places of employment when the Defendant knew or had reason to know that that such calls were inconvenient to Plaintiffs and that Plaintiffs' employers did not permit such calls at their places of employment.

22.     The Defendant acted in a false, deceptive, misleading and unfair manner when they, without permission from the Plaintiff Chapman, communicated with persons other than Plaintiff Chapman that Plaintiff Chapman owes a debt.

23.     The Defendant acted in a false, deceptive, misleading and unfair manner by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

24.     The Defendant acted in a false, deceptive, misleading and unfair manner by harassing, oppressing and abusing the Plaintiffs including, but not limited to, repeatedly and continuously contacting the above persons with the intent to annoy, abuse, and harass such persons contacted.

25.     Defendant knew or should have known that its actions violated the FDCPA, FCEUA and the UTPCPL.  Additionally, Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA, FCEUA and the UTPCPL, but neglected to do so and failed to adequately review its actions to insure compliance with said laws.

26.      At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendant herein.

27.     As a result of Defendant's conduct, Plaintiffs have sustained actual damages including, but not limited to, injury to Plaintiffs' reputation, out-of-pocket expenses, damage to

Plaintiffs' credit, physical, emotional and mental pain and anguish and pecuniary loss, and Plaintiffs will continue to suffer same for an indefinite time in the future, all to Plaintiffs' great detriment and loss.

## V.    CLAIMS

### COUNT ONE - VIOLATION OF THE FDCPA
**(Plaintiffs v. Defendant)**

28.    Plaintiffs incorporate the foregoing paragraphs as though the same were set forth at length herein.

29.    Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

30.    Plaintiffs are "consumers" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

31.    The above contacts between Defendant and Plaintiffs were "communications" relating to "debts" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

32.    Defendant violated the FDCPA.  Defendant's violations include, but are not limited to, violations of 15 U.S.C. §§ 1692b(2), 1692c(a)(1), 1692c(a)(3), 1692c(b), 1692d, 1692d(5), 1692e, 1692e(4), 1692e(5), 1692e(10) and 1692f as evidenced by the following conduct:

(a)    Communicating with persons other than Plaintiff Chapman that Plaintiff Chapman owes a debt;

(b)    Communicating with Plaintiffs at an unusual time or place or a time or place known or which should be known to be inconvenient for Plaintiffs;

(c)     Communicating with the Plaintiffs at Plaintiffs' places of employment when the Defendant knew or had reason to know that the Plaintiffs' employers prohibit the Plaintiffs from receiving such communications;

(d)     Communicating, in connection with the collection of a debt with persons other than Plaintiff Chapman;

(e)     Engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt;

(f)     Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number;

(g)     The representation or implication that nonpayment of a debt will result in the will result in the seizure, garnishment, attachment or sale of any property or wages is not lawful and/or that Defendant did not intend to take;

(h)     Threatening to take action that cannot legally be taken and/or is not intended to be taken; and

(i)     Otherwise using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect a debt.

33.     Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiffs' rights under the law and with the purpose of coercing Plaintiffs to pay the debt.

34.     As a result of the above violations of the FDCPA, Defendant is liable to Plaintiffs in the sum of Plaintiffs' statutory damages, actual damages and attorney's fees and costs.

WHEREFORE, Plaintiffs respectfully pray that relief be granted as follows:

(a)     That judgment be entered against Defendant for actual damages pursuant to 15

U.S.C. § 1692k(a)(1);

(b)     That judgment be entered against Defendant for statutory damages pursuant to 15

U.S.C. § 1692k(a)(2)(A);

(c)     That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C.

§1692k(a)(3); and

(d)     That the Court grant such other and further relief as may be just and proper.

## VI.     COUNT TWO –VIOLATION OF THE FCEUA AND UTPCPL
### (Plaintiff  Chapman v. Defendant)

35.     Plaintiff Chapman incorporates the foregoing paragraphs as though the same were

set forth at length herein.

36.     Defendant is a "debt collector" as defined by 73 P.S. § 2270.3 of the FCEUA.

37.     Plaintiff Chapman is a "debtor" as defined by 73 P.S. § 2270.3 of the FCEUA.

38.     The above contacts and disputes made between the Plaintiff Chapman and

Defendant are "communications" relating to a "debt" as defined by 73 P.S. § 2270.3 of the

FCEUA.

39.     Defendant engaged in unfair methods of competition and unfair or deceptive acts

or practices, as defined by the UTPCPL, by attempting to collect the alleged debt in violation of

the FCEUA.  Defendant's violations of the FCEUA and UTPCPL include, but are not limited to,

violations of 73 P.S. § 2270.4(a), as evidenced by the following conduct:

(a)     Communicating with persons other than Plaintiff Chapman that Plaintiff

Chapman owes a debt;

8

(b)   Communicating with Plaintiff Chapman at an unusual time or place or a time or place known or which should be known to be inconvenient for Plaintiff Chapman;

(c)   Communicating with the Plaintiff Chapman at Plaintiff Chapman's place of employment when the Defendant knew or had reason to know that Plaintiff Chapman's employer prohibits the Plaintiff Chapman from receiving such communications;

(d)   Communicating, in connection with the collection of a debt with persons other than Plaintiff Chapman;

(e)   Engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt;

(f)   Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number; and

(g)   Otherwise using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect a debt.

40.   Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff Chapman's rights under the law and with the purpose of coercing Plaintiff Chapman to pay the alleged debt.

41.   As a result of the above violations of the FCEUA and UTPCPL, Plaintiff Chapman has suffered ascertainable losses entitling Plaintiff Chapman to an award of actual, statutory and treble damages and attorney's fees and costs.

WHEREFORE, Plaintiff Chapman respectfully prays that relief be granted as follows:

9

(a)     That judgment be entered against Defendants for actual damages pursuant to 73 P.S. § 201-9.2(a);

(b)     That judgment be entered against Defendants for statutory damages pursuant to 73 P.S. § 201-9.2(a);

(c)     That judgment be entered against Defendants for treble damages pursuant to 73 P.S. § 201-9.2(a);

(d)     That the court award costs and reasonable attorney's fees pursuant to 73 P.S. § 201-9.2(a); and

(e)     That the Court grant such other and further relief as may be just and proper.

## VI.   JURY TRIAL DEMAND

42.     Plaintiffs demand trial by jury on all issues so triable.

**RESPECTFULLY SUBMITTED,**

**FRANCIS & MAILMAN, P.C.**

BY: _____
     JAMES A. FRANCIS, ESQUIRE
     MARK D. MAILMAN, ESQUIRE
     JOHN SOUMILAS, ESQUIRE

10

MICHAEL J. SZYMBORSKI, ESQUIRE
Attorneys for Plaintiffs
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
(215) 735-8600

DATE: December 9, 2005